UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| GEOMATRIX SYSTEMS, LLC | : | CASE NO.: |
| Plaintiff, | : | |
| vs. | : | Jury Trial Demanded |
| ELJEN CORPORATION | : | |
| Defendant. | : | MAY 16, 2016 |

---

## COMPLAINT

Plaintiff Geomatrix Systems, LLC for its Complaint against Eljen Corporation based upon actual knowledge as to itself and its own actions, and based upon information and belief as to all other persons, actions, and events, alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq* and for unfair trade practices under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b ("CUTPA").

## PARTIES

2. Geomatrix Systems, LLC ("Geomatrix") is a limited liability company, established under the laws of the State of Connecticut, with its principal place of business located at 114 Mill Rock Road East, Old Saybrook, CT.

3. Eljen Corporation ("Eljen") is a corporation established under the laws of the State of Connecticut with its principal place of business at 125 McKee Street, East Hartford, CT.

1

## JURISDICTION AND VENUE

4. The instant claims are predicated on infringement of patents issued by the United States Patent Office under the Patent Laws of the United States, Title 35 of the United States Code and unfair trade practices in violation of the Connecticut Trade Practices Act, Conn. Gen. Stat. § 42-110b ("CUTPA").

5. This Court has subject matter jurisdiction over the instant civil action pursuant to 28 U.S.C. §§ 1331 and 1338(a)-(b) at least because this action involves a federal question under the Patent Act, 35 U.S.C. § 1 *et seq.*, including under 35 U.S.C. § 281.

6. The Court has personal jurisdiction over Eljen because Eljen is a citizen of this district and a substantial part of the events or omissions giving rise to the claims occurred in this District. Eljen performed accused acts within this District.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(2) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Eljen performed accused acts within this District.

## FACTS

8. United States Patent No. 9,174,863 ("'863 Patent") was filed as United States Patent Application Publication No. 2013/0126407 on November 20, 2012, is entitled "Leach Field System," and was duly granted by the United States Patent & Trademark Office on November 3, 2015. A copy of the '863 Patent is attached as Exhibit A.

9. The '863 Patent claims priority through several prior applications and claims with its earliest priority to U.S. Provisional Application 60/576,950, which was filed on June 4, 2004.

10. David A. Potts ("Potts"), the named inventor of the '863 Patent, has long been a pioneer in developing, designing, manufacturing, selling, and otherwise providing devices and methods for wastewater treatment, leaching field treatment and leaching field aeration in the State of Connecticut and across the United States. Potts' innovative wastewater technologies are described and patented within and outside the United States and include over a dozen patents granted by the United States Patent and Trademark Office and are currently in force. *See, e.g.*, Exhibit B with Potts U.S. Patents 6,018,909, 6,887,383, 7,465,390, 6,485, 647, and 7,157,011.

11. Geomatrix is privately held and is the assignee of the entire right and title to the '863 Patent. Geomatrix's ongoing business operations include developing, designing, selling, installing, maintaining, repairing, and remediating commercial and residential soil absorption and wastewater treatment systems. In addition to making investments for these ongoing business operations Geomatrix has also invested capital in and operates a laboratory and testing facility at its headquarters for development and testing of innovations for soil absorption system. These Geomatrix laboratories and associated facilities were provided to and are available to inventor Potts.

12. Eljen, *inter alia*, makes, uses, sells, and offers for sale the Mantis® Wastewater System.

13. In 2008, after becoming aware of the Mantis® Wastewater System, Geomatrix contacted Mark Bram ("Bram"), President of Eljen, to discuss Eljen's potential infringement of Geomatrix's pending patent application. By telephone and email on and around March 24, 2008, Bram was made aware that Geomatrix had pending patent application that would cover Eljen's product. Despite this notification, Eljen continued to make, use, sell and offer for sale its Mantis Wastewater Systems after the issuance of the '863 Patent.

14.     During the pendency of the United States Patent Application Publication No. 2013/0126407, which issued as the '863 Patent, counsel for Eljen alerted Geomatrix counsel of references related to the invention claimed in the application.

15.     Geomatrix submitted the references provided by counsel for Eljen to the USPTO for review and consideration in connection with United States Patent Application Publication No. 2013/0126407, which issued as the '863 Patent.

16.     The USPTO considered the references provided by counsel for Eljen in its review of United States Patent Application Publication No. 2013/0126407 and issued the '863 Patent over the references provided by Eljen.

17.     Following the issuance of the '863 Patent, Geomatrix notified Eljen that certain current Mantis® Wastewater Systems infringe the newly issued patent.

18.     Geomatrix sought information regarding Eljen's conception and reduction to practice of the Mantis Wastewater System. Eljen refused to provide and continues to refuse to provide the requested information related to its conception and reduction to practice of the Mantis® Wastewater System to Geomatrix. This results in Geomatrix continuing to conclude that the '863 Patent is not impacted by Eljen's dates of conception and reduction to practice; and therefore an infringing device.

19.     Eljen continues to make, use, sell, and offer for sale the Mantis® Wastewater System in Connecticut and elsewhere within the United States. Likewise, Eljen's customers in Connecticut and elsewhere in the United States have used and continue to use Mantis® Wastewater Systems.

20. Geomatrix filed a Complaint for Bill of Discovery in the Superior Court of Connecticut seeking an order allowing discovery related to Eljen's conception, reduction to practice, and sale of the Mantis® Wastewater System.

21. In response, Eljen objected and moved to dismiss to the Bill of Discovery and continued its pattern of shielding information pertinent to Geomatrix's cause of action and accused Geomatrix of "abuse of process and unfair trade practice under CUTPA" for pursuing the Bill of Discovery.

22. Eljen has infringed, continues to infringe, and will infringe one or more claims of the '863 Patent through at least making, using, offering for sale, and selling current Mantis® Wastewater Systems.

23. Eljen has induced others to infringe and will continue to induce others to infringe one or more of the claims of the '863 Patent through at least the sale of current Mantis® Wastewater Systems.

24. As detailed above, Eljen has been aware of the existence of the '863 Patent and its predecessor applications and patents since at least 2008 and provided prior art references that were considered by the USPTO prior to the issuance of the '863 Patent. Plaintiff has made Eljen aware of its allegations that the Mantis Wastewater System infringes the '863 Patent.

25. Despite being aware of the '863 Patent and the allegations of infringement, Eljen has not stopped making, using, offering for sell, and selling the Mantis Wastewater System. Likewise, Eljen has failed to instruct its customers to stop use of installed and operational infringing Mantis® Wastewater Systems.

## COUNT I: INFRINGEMENT OF THE '863 PATENT

26. Plaintiff incorporates herein by reference the allegations set forth in Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

27. Eljen has and continues to make, use, offer for sale, and sell the Mantis® Wastewater System in Connecticut and elsewhere that embodies claims of the '863 Patent either literally or under available equivalents.

28. Eljen has been and is infringing the '863 Patent and has been and is inducing others to infringe the '863 Patent under 35 U.S.C. § 271 by making, using, offering for sale, and selling the Mantis® Wastewater System in Connecticut and elsewhere that embodies claims of the '863 Patent.

29. Eljen had and has actual, intimate knowledge of the '863 Patent, acted with intent to infringe the '863 Patent by continuing to make, use, offer for sale, and sell the Mantis® Wastewater system, and knew or should have known that its actions would induce others infringement under 35 U.S.C. § 271.

30. Eljen knows or should have known that there is an objectively high likelihood that the Mantis® Wastewater System infringes claims of the '863 Patent.

31. The activities of Eljen have been without express or implied license.

32. Plaintiff has been damaged and will be further damaged by Eljen's infringement of the '863 Patent and is entitled to compensation therefore, pursuant to 35 U.S.C. § 284, in an amount to be determined at trial.

33. Unless enjoined by this Court, Eljen will continue its infringement thereby continuing damage to Plaintiff. As a result of Eljen's infringement, Plaintiff has suffered, and

will continue to suffer, irreparable harm for which there is no adequate remedy at law. Plaintiff is entitled to permanent injunctive relief against such infringement, under 35 U.S.C. § 283.

### COUNT II: WILLFUL INFRINGEMENT OF THE '863 PATENT

34. Plaintiff incorporates herein by reference the allegations set forth in Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35. Eljen was and is aware of the claims and other terms contained in the '863 Patent and knew that making, using, offering for sale, and selling the Mantis Wastewater System infringed on the '863 Patent.

36. Despite knowledge of the '863 Patent, Eljen has willfully and intentionally continued to make, use, sell, and offer for sale the Mantis® Wastewater System that infringes and induces others to infringe the '863 Patent.

37. Despite knowledge of the '863 Patent, Eljen willfully and intentionally continues to make, use, sale, and offer for sale the Mantis® Wastewater System which infringes and induces others to infringe the '863 Patent. Eljen's intentional and willful infringement and willful inducement of infringement by others warrants an award of treble damages pursuant to 35 U.S.C. § 284. This is also an exceptional case warranting an award of attorney fees to Plaintiff, pursuant to 35 U.S.C. § 285.

38. Plaintiff has been damaged by Defendant's intentional and willful infringement of and inducement others to infringe the '863 Patent and is entitled to compensation therefore.

39. Defendant will continue its willful and intentional infringement and willful and intentional inducement of others to infringe continuing to damage Plaintiff unless enjoined from continued infringement and inducement by this Court. As a result of Eljen's infringement,

Plaintiff has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Plaintiff is entitled to permanent injunctive relief against such infringement, under 35 U.S.C. § 283

## COUNT III: UNFAIR TRADE PRACTICES

40. Plaintiff incorporates herein by reference the allegations set forth in Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. Eljen's intentional infringement of and inducement of others to infringe the '863 Patent, through making, using, offering for sale, and selling the Mantis® Wastewater System, is (a) unlawful, offends public policy, the common law and at least comes with the penumbra of some common law, statutory, or other concept of unfairness; (b) is immoral, unethical, oppressive, or unscrupulous; and (c) has caused, and continues to cause substantial injury to the Plaintiff.

42. Eljen's intentional infringement of and inducement of others to infringe the '863 Patent and unjust enrichment, through its continued activities, constitutes unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce and are violations of the Connecticut Trade Practices Act, Conn. Gen. Stat. § 42-110b ("CUTPA").

43. Defendant has engaged a pattern and practice of illegally using the intellectual property of the Plaintiff for its own profit.

44. Plaintiff has incurred, and continues to incur, an ascertainable loss as a result of Defendant's CUTPA violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Eljen and the following relief:

A.  judgment that Eljen has infringed the '863 Patent;

B.  issuance of an injunction against Eljen and all persons acting with or for it from future infringement of or inducement of others to infringe the '863 Patent;

C.  judgment that Eljen's infringement and inducement of others to infringe the '863 Patent is and has been willful;

D.  damages for past infringement sufficient to compensate Plaintiff for Eljen's infringement of and inducement of others to infringe the '863 Patent, but not less than a reasonable royalty;

E.  judgment that this is an exceptional case and an award of treble damages and reasonable attorney fees to Plaintiff;

F.  actual damages pursuant to Conn. Gen. Stat. § 42-110g(a); punitive damages pursuant to Conn. Gen. Stat. § 42-110g(d); reasonable attorneys' fees and costs pursuant to Conn. Gen. Stat. § 42-110g(d); and

H.  other such relief as is just and proper.

## Jury Demand

The Plaintiff respectfully demands a trial by jury on all issues so triable.

THE PLAINTIFF,
GEOMATRIX SYSTEMS, LLC

By: _____
R. Cornelius Danaher, Jr. (ct5350)
ndanaher@danaherlagnese.com
Jason K. Henderson (ct27042)
jhenderson@danaherlagnese.com
DANAHERLAGNESE, P.C.
21 Oak Street, Suite 700
Hartford, CT 06106
Phone: (860)247-3666
Fax: (860)547-1321